UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-23151-BLOOM/LOUIS

| | |
|---|---|
| KAREEM PICKERING and AARON MUHAMMED, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AKAL SECURITY, INC., | ) ) |
| Defendant. | ) ) ) |

## ANSWER TO COMPLAINT

COMES NOW, Defendant Akal Security, Inc. ("Defendant" or "Akal Security"), by and through the undersigned counsel, and answers the Complaint of Plaintiffs Kareem Pickering and Aaron Muhammed ("Plaintiffs"), as follows:

1.  Answering paragraph 1 of the Complaint, Defendant admits only that Plaintiffs bring this action seeking damages for alleged race and national origin discrimination pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), but denies any such claims have any merit or that Plaintiffs are entitled to any relief whatsoever.

2.  Defendant admits the allegations in paragraph 2 of the Complaint.

3.  Answering paragraph 3 of the Complaint, Defendant admits that venue is proper in this Court, but denies that any valid claims are asserted by Plaintiffs.

4.  Defendant admits the allegations in paragraph 4 of the Complaint.

5.  Defendant admits the allegations in paragraph 5 of the Complaint.

6.  Answering paragraph 6 of the Complaint, Defendant admits Plaintiffs were

employed by Defendant. Defendant denies the remaining allegations in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, Defendant admits that it was an employer within the meaning of the FCRA and that it did business in Miami-Dade County. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Defendant denies the allegations in paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Answering paragraph 9 of the Complaint, Defendant admits that Plaintiffs are African-American males and worked for Defendant. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, Defendant admits that Plaintiffs were both terminated on or about September 19, 2018. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

11. Answering paragraph 11 of the Complaint, Defendant admits that two armed detention officers who left a shotgun in a van were issued a suspension. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

## COUNT I

## FRCA – RACE DISCRIMINATION

15. Defendant incorporates paragraphs 1-14 as if fully set forth herein.

CASE NO.: 1:20-cv-23151-BLOOM/LOUIS

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

## COUNT II

## FRCA – NATIONAL ORIGIN DISCRIMINATION

20. Defendant incorporates paragraphs 1-19 as if fully set forth herein.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

To the extent that Plaintiffs' prayer for relief requires a response or any allegation remains unanswered, Defendant denies such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, because some or all of Plaintiffs' allegations fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

All or part of Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiffs' claims may be barred on doctrines of laches, unclean hands, and after acquired evidence.

CASE NO.: 1:20-cv-23151-BLOOM/LOUIS

## FOURTH DEFENSE

The Complaint may be barred, in whole or in part, because Defendants at all times acted reasonably and in good faith towards Plaintiffs.

## FIFTH DEFENSE

The Complaint may be barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

## SIXTH DEFENSE

Any adverse employment actions taken against Plaintiffs were for business reasons unrelated to their race or national origin.

## SEVENTH DEFENSE

Any alleged damages claimed by Plaintiffs were not proximately cause by the actions of Defendant and/or were caused by Plaintiffs' own actions.

## EIGHTH DEFENSE

To the extent any adverse employment action was motivated in part by Plaintiffs' race or national origin, the same action would have been taken by Defendant even in the absence of such motivation.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or part because they failed to timely exhaust their administrative remedies.

Defendant reserves the right to amend its Answer, to add affirmative or other defenses, or to withdraw defenses as deemed appropriate after discovery.

**WHEREFORE**, having fully answered the Complaint, Defendant Akal Security respectfully requests:

CASE NO.: 1:20-cv-23151-BLOOM/LOUIS

1. Judgment entered in favor of Defendant, this action dismissed with prejudice, and Plaintiffs have and recover nothing of Defendant by way of this action;

2. Judgment be entered against Plaintiffs and in favor of Defendant for all costs and attorneys' fees incurred in the defense of this action; and

3. Defendant recover such other and further relief as this Court may deem just and proper.

Date: August 3, 2020

                                            Respectfully submitted,

                                            s/ *Neil D. Kodsi*
                                            Neil D. Kodsi, Esq.
                                            Florida Bar No. 0011255
                                            E-mail: *neil.kodsi@jacksonlewis.com*
                                            JACKSON LEWIS P.C.
                                            One Biscayne Tower, Suite 3500
                                            2 South Biscayne Boulevard
                                            Miami, Florida 33131
                                            Telephone: 305-577-7600

                                            *Attorneys for Akal Security, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                            *s/ Neil Kodsi*
                                            Neil D. Kodsi, Esq.

CASE NO.: 1:20-cv-23151-BLOOM/LOUIS

**SERVICE LIST**

Chad E. Levy, Esq.
E-mail: *chad@levylevylaw.com*
David M. Cozad, Esq.
E-mail: *david@levylevylaw.com*
LEVY & LEVY, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone:  954-763-5722

*Counsel for Plaintiffs*

Neil D. Kodsi, Esq.
E-mail:  *neil.kodsi@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  305-577-7600

*Counsel for Akal Security, Inc.*