UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-23151-BLOOM/Louis**

KAREEM PICKERING and
AARON MUHAMMED,

    Plaintiffs,

v.

AKAL SECURITY, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon a Motion for Leave to File Amicus Curiae Brief in Support of Plaintiffs, ECF No. [15] ("Motion"), filed on October 14, 2020. Specifically, non-party Nevada Smith requests leave to file an *amicus* brief in support of Plaintiff's to "provide this court [sic] with accurate facts that only Nevada Smith will provide" on the corporate identity of Defendant and of Defendant's "Tax-Exempt Religious Cult" parent and subsidiary companies. ECF No. [15] at 2, 5. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. As explained below, the Motion is denied.

While the Federal Rules of Appellate Procedure and the Supreme Court Rules provide for the filing of *amicus curiae* briefs, the Federal Rules of Civil Procedure contain no provision regarding the involvement of *amici* at the trial court level. However, the district court possesses the inherent authority to appoint *amici* to assist in a proceeding. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991). "Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*."

Case No. 20-cv-23151-BLOOM/Louis

*News & Sun-Sentinel Co. v. Cox,* 700 F. Supp. 30, 31 (S.D. Fla. 1988) (citations and quotations omitted). Therefore, an *amicus* participates only for the benefit of the court. *A.R. v. Dudek*, 2014 WL 12519764, at * 4 (S.D. Fla. Apr. 7, 2014). "Further, acceptance of an *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest or unless the Court feels that existing counsel need assistance." *News & Sun-Sentinel Co.*, 700 F. Supp. at 32.

Upon review, the Court finds that the instant Motion is not well-founded. The Motion presents no special interest that would warrant granting Nevada Smith leave to file an *amicus* brief. Moreover, the Court does not find that this case presents issues that would warrant the need for further briefing regarding Defendant's corporate form.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [15]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 14, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record