iUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-23151-BLOOM/Louis**

KAREEM PICKERING and
AARON MUHAMMED,

    Plaintiffs,

v.

AKAL SECURITY, INC.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon non-party Nevada Smith's Request for this Court to Reconsider Denial of his Amicus Curiae, ECF No. [17] ("Motion"), filed on February 10, 2021. Specifically, on October 13, 2020, Smith requested leave to file an *amicus* brief to "provide this court [sic] with accurate facts that only Nevada Smith will provide" on the corporate identity of Defendant and of Defendant's "Tax-Exempt Religious Cult" parent and subsidiary companies. ECF No. [15] at 2, 5. The Court denied Smith's motion on October 14, 2020. ECF No. [16]. Smith now seeks reconsideration of the Court's decision to deny Smith leave to file an *amicus* brief. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. As explained below, the Motion is denied.

"[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181

F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

However, as the Court previously stated, in denying leave to file an *amicus* brief, that "it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *News & Sun-Sentinel Co. v. Cox,* 700 F. Supp. 30, 31 (S.D. Fla. 1988) (citations and internal quotation marks omitted). Thus, an *amicus* participates only for the benefit of the court. *A.R. v. Dudek*, No. 13-61576-CIV, 2014 WL 12519764, at * 4 (S.D. Fla. Apr. 7, 2014). In denying Smith's original motion, the Court did not find any special interests that would justify *amicus* participation. Moreover, upon review, the instant Motion fails to address any of the grounds justifying reconsideration and it fails to set forth any ground warranting reconsideration of the Court's discretionary decision. The Court therefore finds that Smith has failed to demonstrate any reason for reconsideration or modification of the Court's prior order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [17]**, is **DENIED**.

Case No. 20-cv-23151-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 11, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record